KYLE *et al.* v. POWELL *et al.*, *Appellants.*

Husband and Wife: PURCHASE OF LAND BY WIFE: DEED TO HUSBAND BY MISTAKE: SALE BY HUSBAND: NOTICE. Where a wife purchased land with her separate means, but by mistake of the scrivener the deed was made to the husband, but was never accepted by him and never recorded, and the grantor and scrivener promised to correct the mistake and did so, but before it was done, plaintiffs for an inadequate price bought of the husband, one of them with knowledge of the facts and the other with knowledge sufficient to put him upon inquiry, and such inquiry would have led to a knowledge of the facts, the deed of the husband to the plaintiffs should be cancelled and it was error to decree payment by the wife to the last-named plaintiff his part of the purchase money paid the husband and declare it a lien upon the land.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED AND REMANDED.

*Railey & Burney* and *D. C. Barnett* for appellants.

(1) The court below found that appellant Sadie E. Powell was the owner of the property in controversy, as her ordinary legal estate ; that Kyle bought with notice of that fact ; and that Wooldridge bought from Kyle. The undisputed evidence shows that Mrs. Powell received no part of the one hundred dollars paid her husband by plaintiffs for the property. The circuit court, by the decree aforesaid, subjected Mrs. Powell's legal estate to the payment of a debt which Kyle owed Wooldridge, no part of which was ever received by Mrs. Powell. *Mueller v. Kaessmann*, 84 Mo. 323, and numerous cases cited ; *Meier v. Blume*, 80 Mo. 179 ; *Atkison v. Henry*, 80 Mo. 154 ; *Hord v. Taubman*, 79 Mo. 103 ; *Shroyer v. Nickell*, 55 Mo. 264. (2) The decree below recites that Kyle acquired no title by the purchase from W. O. Powell, and that Wooldridge bought from Kyle. What title, therefore, did Wooldridge acquire ? Kyle was his agent, and he is bound by any notice which Kyle possessed. *Hayward v. Ins. Co.*, 52 Mo. 181 ; *Chouteau v. Allen*, 70 Mo. 341 ; *Meier v. Blume*, 80 Mo. 184, and cases cited ; Wade on Notice, sec. 687. It appears from the undisputed evidence that W. O. Powell had no title of record to the property ; and that Sadie E. Powell was in possession thereof. On what theory, therefore, could the court below find that Wooldridge was an innocent purchaser. Sadie E. Powell was, at the time Wooldridge bought, in possession of the property, and in possession of the deed to the property. Wooldridge also knew at the time that her husband had abandoned her, and was leaving home. Wooldridge, therefore, knew—or could by the exercise of ordinary diligence have known—that neither Kyle nor Powell had any title to convey. *Mason v. Black*, 87 Mo. 341, 342, and cases cited ; *Rhodes v. Outcalt*, 48 Mo. 370 ; *Speck v. Riggin*,

40 Mo. 405 ; *Meier v. Blume*, 80 Mo. 184, and numerous cases cited ; 2 Pomeroy's Eq. Jur., sec. 597 and note.

*T. M. Horne* for respondents.

(1) Notice to an agent before the agency is begun, or after it is terminated, will not affect the principal. *Haywood v. Ins. Co.*, 52 Mo. 181 ; *Anderson v. Volmer*, 83 Mo. 406 ; *McDearmott v. Railroad*, 73 Mo. 516 ; Story on Agency, sec. 140. (2) Although a purchaser has notice of an equitable claim by which his conscience is affected, yet a person purchasing from him, *bona fide*, and without notice of the right, will not be bound by it. 3 Sugden on Vendors, chap. 22, sec. 2, p. 312, subd. 19 ; *Demarest v. Wynkoop*, 3 Johns. Ch. 147 ; *Jackson v. Given*, 8 Johns. 137 ; *Bebee v. Bank*, 1 Johns. 573-4 ; *Jackson v. Henry*, 10 Johns. 185 ; 2 Wash. Real Prop. [3 Ed.] 89 ; *Lionberger v. Baker*, 88 Mo. 447.

NORTON, C. J.—In July, 1885, plaintiffs sued W. O. Powell in ejectment to recover possession of lots 173 and 174 in Jack's addition to the city of Harrisonville, Cass county.

Defendant W. O. Powell filed his answer in which he set up an equitable title in his wife, Sadie E. Powell, to the property in dispute, and asked that she be made a party defendant, which being done, the said Sadie filed her separate answer setting up in substance, that in September, 1883, R. H. May was the owner of the property in question ; that she bought it from him for three hundred dollars, and paid for it with her separate means ; that said May was to convey the same to her by deed ; that the scrivener who drew the deed inserted therein, by mistake, the name of W. O. Powell as grantee ; that she was not present, either when the deed was drawn, nor when it was executed and acknowledged ; that after it was acknowledged, said May left the deed with the justice of the peace to be delivered

when the balance of the purchase money was paid; that she made the payment, received the deed from said justice without examining it at the time, and not knowing that the name of W. O. Powell had been inserted therein as grantee; that soon afterwards, in looking at said deed, she discovered the mistake and called the attention of W. O. Powell to it, who then refused to receive the deed; and that it was never delivered to him; that soon afterwards, both she and W. O. Powell called the attention of the justice of the peace and said May, the grantor, to the mistake, both of whom promised to rectify it by making a deed; that, afterwards, in December, 1885, the said May, in pursuance of the original agreement, and his promise to correct said mistake, executed and delivered to her a corrected deed conveying the property to her as her legal estate; that during the whole of this time, she was in possession of the property claiming it as her own. In her answer, she further set up, that plaintiffs having knowledge of her rights or sufficient facts to put them on enquiry, in May, 1885, to defraud her of her rights, procured and caused said W. O. Powell to drink to excess, whereby he became drunk, and that while in this condition, and incapable of entering into any contract, procured said Powell to execute a deed conveying the said property to them for the consideration of one hundred dollars, which at the time was worth eight hundred dollars. She then asks the court to cancel said deed and confirm her title.

The plaintiffs replied separately putting the averments in the answer in issue, on the trial of which, the court found for defendants, finding that Sadie E. Powell was the owner of the property, that her husband had no interest therein except his marital interest, that plaintiff Kyle bought from Powell with knowledge of Mrs. Powell's rights, that plaintiff Wooldridge bought from

Kyle without notice of such rights, and upon this finding, decreed that the deed from Powell to plaintiffs be cancelled as casting a cloud on Sadie E. Powell's title, but also decreed said Sadie should pay to plaintiff Wooldridge sixty dollars with interest, which should be a lien on the lots. It is from this decree that defendants have appealed, assigning as error the action of the court in requiring by the decree the payment of sixty dollars, and interest to Wooldridge, and declaring that said sum should be a lien on the land.

There is abundant evidence in the record to establish the fact that the insertion of W. O. Powell's name as grantee in the first deed executed by May, was a mistake of the scrivener, and that the purchase was made of May with the distinct agreement that the deed was to be made to Mrs. Powell, that she furnished funds to pay for it, and on the last payment put in her watch at a valuation of sixty or sixty-two dollars, at which price May had agreed to take it. This is sworn to, not only by May, who owned and sold the property, and was the grantor, but by Mrs. Powell and her husband, and is corroborated to a great extent by the evidence of Graham who wrote the deed and took the acknowledgment, and by the fact that the deed was never put on record, and the fact as testified to by Mrs. Powell that W. O. Powell refused to receive said deed, on discovering the mistake ; and that soon afterwards both the justice and May agreed to correct the mistake which was thereafter, in point of fact, corrected by May by the execution of a deed in December, 1885, to Mrs. Powell in conformity with the original agreement.

That Kyle had knowledge of Mrs. Powell's rights is established by the evidence of witness Barnett, who, among other things testified : "I was an attorney in May, 1885 ; remember the day Powell made a deed to Kyle and Wooldridge, Kyle came to me about four o'clock p. m., or between four and five o'clock and we had a conversation about the property. I was trying a

case at the time, and he called me to the bar and told me he was thinking about buying the property, and had come to make inquiries about it. I apprised him of Mrs. Powell's rights, telling him that she claimed it as her property and her homestead, and that she would not sell nor part with it. This conversation and the purchase by Kyle and Wooldridge took place May 2, 1885. There was a lull in the trial when Kyle came up and called me to the bar; during the same lull Powell came up and called me to the bar; he was intoxicated, was frothing at the mouth and seemed crazed with whiskey. I afterwards went to Kyle and offered to pay him back the one hundred dollars he had paid Powell. I offered on Mrs. Powell's behalf to pay back the money he had paid to Powell. He refused my offer and told me he had paid one hundred dollars, and had given Ferguson twenty dollars for making the trade. I afterwards went to Wooldridge with the same proposition and he said he would see Kyle.

It was testified to by one or more other witnesses that Kyle had agreed to pay and did pay twenty dollars to one Ferguson, who was not a real-estate agent but a gambler, engaged in no particular business, for making the trade between Kyle and Powell, and the evidence tended to show that Powell was manipulated so as to be put in the condition a short time before the trade was consummated that witness Barnett testified to.

The evidence further tended to show that the lots had been improved by Mrs. Powell, and were worth six or seven hundred dollars, and that the consideration of one hundred dollars paid to Powell by Kyle for the property was furnished by his co-plaintiff Wooldridge, fifty dollars of which was for a half interest Wooldridge was to get in the lots and which when the deed was made he got so far as under the circumstances he could get, by having his name inserted in the deed as a joint grantee with Kyle.

Wooldridge claims to have bought of Kyle the half

interest as above indicated, before the crowning act to complete the trade was performed, viz., the execution of the deed. It is also in evidence, while negotiations were pending, that Powell declared he had abandoned his family then in possession of the premises as a home which his wife claimed to own and was going to California, and it may fairly be inferred that Wooldridge had notice of this declaration, for it appears to have been openly made. Wooldridge relied upon Kyle, as he states, for information concerning the title, although the record showed no title in Powell, and does not seem to have investigated the question as a prudent man under the circumstances would have done. In face of the facts disclosed by the evidence, it needs no citation of authorities to establish the correctness of the decree of the circuit court, in so far as it found the title of these lots in question was in Mrs. Powell and cancelled the deed executed by Powell to plaintiffs.

On the other hand, in the light of these facts, and a well-recognized principle that notice of a fact may be implied, where a party has knowledge of facts sufficient to put him on inquiry, when such inquiry would lead him to a knowledge of such fact, though he fail to make the inquiry, it needs no citation of authorities to establish the incorrectness of the decree in so far as it declares that Mrs. Powell should pay to plaintiff Wooldridge sixty dollars and interest, and that said amount should be a charge and lien upon the lots.

On the whole case, our judgment is, that the decree of the circuit court be affirmed in so far as it declares the title to the lots in dispute to be in Mrs. Powell, and in so far as it cancels the deed made by W. O. Powell to plaintiffs, and it is reversed in so far as it requires Mrs. Powell to pay Wooldridge sixty dollars and interest, and in so far as it declares said amount a lien on the lots. The cause is remanded with directions to the circuit court to enter a decree in conformity to this opinion. All concur except RAY, J., absent.